CARAWAY, J.,
concurring in part and dissenting in part.
| ;The $500,000 medical malpractice cap which creeps into the majority’s analysis of the general damage awards in this case blurs the question that was presented to the trial court in its JNOV review of those awards by the jury. The trial court did not review one award of $500,000, which the majority admits as “falling in the upper end” of the possible general damages incurred. The trial court reviewed two general damage awards by the jury, actually totaling $750,000 — a $250,000 award for the decedent’s pain and suffering before his death (the survival action damages) and a $500,000 award for the plaintiffs mental anguish over the loss of her father (the wrongful death damages). While I concur in the majority’s reinstatement of the jury’s $250,000 survival action award, the trial court correctly determined that the $500,000 wrongful death damages for the adult child of this 84-year-old victim was unreasonable and abusively high, and its de novo award of $100,000 in its JNOV ruling was within its discretion and not an abusively low award.
Mr. Nelms lived in Arkansas until his daughter brought him to Louisiana on con *240 cerns for his health in September 2002. Mr. Nelms was diagnosed with “Alzheimer’s dementia with acute delirium” in the fall of 2002, and Ms. King acknowledged the times when he did not recognize her and was confused. He fell and broke his hip in May 2004 and never walked again.
The $500,000 award for wrongful death damages to Ms. King was properly recognized by the trial court to be an abuse of the jury’s vast |2discretion in its determination of the daughter’s mental anguish over the loss of her father. In stark contrast to the majority’s conclusion in this case, this court reduced to $125,000 the award of $250,000 in wrongful death damages to each adult child of a 70-year-old decedent in Hicks v. State of Louisiana, DOTH, 34,890 (La.App.2d Cir.12/7/01), 802 So.2d 1005, unit denied, 02-0040 (La.3/22/02), 811 So.2d 941. Accordingly, I respectfully dissent to the reversal of the trial court’s ruling for the wrongful death damages in this case.